DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
MARY BALZER (SBN 329750)
mbalzer@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
JUSTIN BALDONI; WAYFARER ENTERTAINMENT; LIONS GATE ENTERTAINMENT INC.; and CBS FILMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS FLORES, an individual, | Case No.: 2:21-cv-07063-SK |
| Plaintiff, | Assigned to Hon. Steve Kim |
| v. | |
| JUSTIN BALDONI, an individual; CALEB REMINGTON, an individual; WAYFARER ENTERTAINMENT, a California limited liability company; WELLE ENTERTAINMENT, a partnership of unknown origin; LIONSGATE, INC., a California corporation; CBS FILMS, INC. a Delaware corporation AMBRY GENETICS CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive, | **ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: Sept. 15, 2021 |
| Defendants. | |
Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

ANSWER TO COMPLAINT

Defendants Justin Baldoni ("Baldoni"), Wayfarer Entertainment ("Wayfarer"), Lions Gate Entertainment, Inc. ("Lions Gate"), and CBS Films, Inc. ("CBS Films" and together with Baldoni, Wayfarer, and Lions Gate, "Defendants") hereby answer the Complaint filed by Plaintiff Travis Flores ("Flores") on September 15, 2021 (the "Complaint").

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore deny the same.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore deny the same.

3. Defendant CBS Films admits, and the remaining defendants admit, upon information and belief, that it announced that in January 2017 it had decided to begin development of an untitled film from Defendant Justin Baldoni and his production company, Defendant Wayfarer Entertainment, about teens with CF, which would be Baldoni's feature film debut as both a director and producer, and except as so admitted deny each and every allegations contained in paragraph 3 of the Complaint.

4. Defendant Baldoni admits, and the remaining Defendants admit, upon information and belief, that Baldoni asked Flores to appear in a documentary series called "My Last Days" about young people with terminal illnesses. In response to the second sentence of Paragraph 4 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 4 of the Complaint, and therefore deny the same; and in response to the third sentence of Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

2

ANSWER TO COMPLAINT

of the allegations contained in the third sentence of Paragraph 4 of the Complaint, and therefore deny same.

5. Defendants deny the allegations in the first sentence of Paragraph 5 of the Complaint; in response to the second sentence of Paragraph 5 of the Complaint, Defendants deny the allegations in the second sentence of Paragraph 5 of the Complaint; in response to the third sentence of Paragraph 5 of the Complaint Defendants deny the allegations in the third sentence of Paragraph 5 of the Complaint; in response to the fourth sentence of Paragraph 5 of the Complaint, Defendants admit that Plaintiff has pursued this lawsuit against Remington and Ambry for breach of, and/or interference with, a purported agreement not to disclose Three Feet Distance, and against Baldoni, Remington, Wayfarer, Welle, Lionsgate, and CBS Films for infringing on his registered copyright for Three Feet Distance, and except as so admitted, deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6 states legal conclusions that require no response.  To the extent that a response is required, Defendants deny the allegations in Paragraph 6.

   a. Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning; but except as so referred, Defendants respond that Paragraph 6(a) states legal conclusions that require no response.  To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(a) of the Complaint, and therefore deny same.

   b. Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(b) states legal conclusions that require no response.  To the extent that a response is required, Defendants lack information or knowledge sufficient to form a belief as

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

3                                ANSWER TO COMPLAINT

1  to the truth of the allegations in Paragraph 6(b) of the Complaint, and therefore deny
2  same.

3        c.     Defendants refer the Court to the *Five Feet Apart* film for its true
4  content and meaning, but except as so referred, Defendants respond that Paragraph
5  6(c) states legal conclusions that require no response. To the extent that a response
6  is required, Defendants lack information or knowledge sufficient to form a belief as
7  to the truth of the allegations in Paragraph 6(c) of the Complaint, and therefore deny
8  same.

9        d.     Defendants refer the Court to the *Five Feet Apart* film for its true
10 content and meaning, but except as so referred, Defendants respond that Paragraph
11 6(d) states legal conclusions that require no response. To the extent that a response
12 is required, Defendants lack information or knowledge sufficient to form a belief as
13 to the truth of the allegations in Paragraph 6(d) of the Complaint, and therefore deny
14 same.

15        i)     Defendants refer the Court to the *Five Feet Apart* film for
16 its true content and meaning, but except as so referred, Defendants respond that
17 Paragraph 6(d)(i) states legal conclusions that require no response. To the extent
18 that a response is required, except so referred, Defendants lack information or
19 knowledge sufficient to form a belief as to the truth of the allegations in Paragraph
20 6(d)(i) of the Complaint, and therefore deny same.

21        ii)     Defendants refer the Court to the *Five Feet Apart* film for
22 its true content and meaning, but except as so referred, Defendants respond that
23 Paragraph 6(d)(ii) states legal conclusions that require no response. To the extent
24 that a response is required, except so referred, Defendants lack information or
25 knowledge sufficient to form a belief as to the truth of the allegations in Paragraph
26 6(d)(ii) of the Complaint, and therefore deny same.

27        iii)     Defendants refer the Court to the *Five Feet Apart* film for
28 its true content and meaning, but except as so referred, Defendants respond that

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

4

ANSWER TO COMPLAINT

Paragraph 6(d)(iii) states legal conclusions that require no response.  To the extent that a response is required, except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(d)(iii) of the Complaint, and therefore deny same.

iv)   Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(d)(iv) states legal conclusions that require no response.  To the extent that a response is required, except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(d)(iv) of the Complaint, and therefore deny same.

v)   Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(d)(v) states legal conclusions that require no response.  To the extent that a response is required, except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(d)(v) of the Complaint, and therefore deny same.

e.   Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(e) states legal conclusions that require no response.  To the extent that a response is required, except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e) of the Complaint, and therefore deny same.

i)   Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(e)(i) states legal conclusions that require no response.  To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(i) of the Complaint, and therefore deny same.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

5

ANSWER TO COMPLAINT

ii) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, Defendants respond that Paragraph 6(e)(ii) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(ii) of the Complaint, and therefore deny same.

iii) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(iii) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(iii) of the Complaint, and therefore deny same.

iv) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(iv) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(iv) of the Complaint, and therefore deny same.

v) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(v) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(v) of the Complaint, and therefore deny same.

vi) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(v) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

6   ANSWER TO COMPLAINT

knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(vi) of the Complaint, and therefore deny same.

vii) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(vii) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(vii) of the Complaint, and therefore deny same.

viii) Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 6(e)(viii) states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6(e)(viii) of the Complaint, and therefore deny same.

7. Defendants refer the Court to the *Five Feet Apart* film for its true content and meaning, but except as so referred, respond that Paragraph 7 states legal conclusions that require no response. To the extent that a response is required, and except as so referred, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore deny same.

## JURISDICTION, VENUE AND PARTIES

8. Defendants admit that this purports to be a civil action seeking damages and injunctive relief for alleged copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, but except as so admitted, deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

9. Defendants admit that his Court has subject matter jurisdiction over the Defendants for the purposes of this case only, but except as so admitted, deny each and every remaining allegation contained in Paragraph 9 of the Complaint.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

7   ANSWER TO COMPLAINT

10. Defendants admit that this Court has personal jurisdiction over the Defendants for the purposes of this case only, but except as so admitted, deny each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a) for the purposes of this case only, but except as so admitted, deny each and every remaining allegation contained in Paragraph 11 of the Complaint.

12. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny same.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants lack information sufficient to form a belief about the allegations in paragraph 14 of the Complaint, and therefore deny same.

15. Defendants admit that Wayfarer is a limited liability company with its principal place of business in Los Angeles County, California, but except as so admitted, deny each and every remaining allegation in Paragraph 15 of the Complaint.

16. Defendants lack information sufficient to form a belief about the allegations in Paragraph 16 of the Complaint, and therefore deny same.

17. Defendant CBS Films admits, and the remaining Defendants admit upon information and belief, that CBS Films, Inc. is a Delaware corporation, but except as so admitted, deny each and every allegation in Paragraph 17 of the Complaint.

18. Defendants lack information sufficient to form a belief about the allegations in Paragraph 18 of the Complaint, and therefore deny same.

19. Paragraph 19 states legal conclusions that require no response. To the extent that a response is required, Defendants lack information or knowledge

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

8

ANSWER TO COMPLAINT

sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny same.

20. Paragraph 20 states legal conclusions that require no response. To the extent that a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore deny same.

## COUNT I

## Copyright Infringement Against Baldoni, Remington, Wayfarer, Welle, Ambry, Lions Gate, CBS Films and Does 1-50

## (17 U.S.C. § 501 et seq.)

21. Defendants repeat and reallege each and every admission, referral, and denial set forth in response to Paragraphs 1 through 20 of the Complaint, as if more fully set forth in response to Paragraph 21 of the Complaint.

22. Defendants lack information sufficient to form a belief about the allegations in Paragraph 22 of the Complaint, and therefore deny same.

23. Defendants lack information sufficient to form a belief about the allegations in Paragraph 23 of the Complaint, and therefore deny same.

24. Defendants admit that Baldoni, Wayfarer, Lions Gate, and CBS Films all were involved in the production and distribution of *Five Feet Apart*, and except as admitted, lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore deny same.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Complaint.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

9   ANSWER TO COMPLAINT

28. Paragraph 28 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 34 of the Complaint.

## COUNT II

### Breach of Contract Against Ambry and Does 51-70

### (17 U.S.C. § 501 et seq.)

35. Defendants repeat and reallege each and every admission, referral, and denial set forth in response to Paragraphs 1 through 34 of the Complaint, as if more fully set forth in response to Paragraph 35 of the Complaint.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

10

ANSWER TO COMPLAINT

36. Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint, and therefore deny same.

37. Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint, and therefore deny same.

38. Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint, and therefore deny same.

39. Defendants lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint, and therefore deny same.

40. Paragraph 40 states legal conclusions that require no response. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore deny same.

41. Paragraph 41 states legal conclusions that require no response. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore deny same.

## COUNT III

### Interference with Contract Against Remington and Does 71-100

### (17 U.S.C. § 501 et seq.)

42. Defendants repeat and reallege each and every admission, referral, and denial set forth in response to Paragraphs 1 through 41 of the Complaint, as if more fully set forth in response to Paragraph 42 of the Complaint.

43. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint, and therefore deny same.

44. Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and therefore deny same.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

11

ANSWER TO COMPLAINT

45. Defendants lack information or knowledge sufficient to form a belief about the allegations in Paragraph 45 of the Complaint, and therefore deny same.

46. Paragraph 46 states legal conclusions that require no response. To the extent a response is required, Defendants lack information or knowledge sufficient to form a belief about the allegations in Paragraph 46 of the Complaint, and therefore deny same.

47. Paragraph 47 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 states legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

## RESPONSE TO PRAYER FOR JUDGEMENT

Defendants deny that Plaintiff is entitled to the relief requested in Paragraphs a through e, or any relief whatsoever based on the allegations in the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

49. The Complaint fails to state a claim against Defendants upon which any relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Ownership)

50. Plaintiff's claims fail on the grounds that Plaintiff does not own a valid copyright to the work that is subject of its claims.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

51. Plaintiff's copyrights are invalid and/or enforceable.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

12

ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Independent Creation)

52. Plaintiff's claims are barred, in whole or in part, by the doctrine of independent creation.

## FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

53. Plaintiff's claims for copyright infringement are barred, in whole or in part, by the doctrine of fair use, pursuant to 17 U.S.C. §§ 107.

## SIXTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

54. Pursuant to 17 U.S.C. § 412, Plaintiff is not entitled to a 17 U.S.C. § 504(c) award of statutory damages or a 17 U.S.C. § 505 award of attorneys' fees because the alleged acts of infringement took place before the effective date of Plaintiff's relevant copyright registration and the work was not registered within three months after first publication.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

55. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

56. Plaintiff's claims are barred, in whole or in part, or Plaintiff's recovery is reduced, by the doctrines of estoppel and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

57. Plaintiff's claims, or recovery thereon, are barred, in whole or in part, because and/or to the extent that it failed to mitigate its alleged damages, if any were suffered.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

13

ANSWER TO COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

58. Defendants reserve the right to assert and rely upon other defenses that become available or appear during the course of discovery, and reserve the right to amend this answer to assert any such defenses.

WHEREFORE, defendants Justin Baldoni ("Baldoni"), Wayfarer Entertainment ("Wayfarer"), Lions Gate Entertainment, Inc. ("Lions Gate"), and CBS Films, Inc. ("CBS Films" and together with Baldoni, Wayfarer, and Lions Gate, "Defendants"), deny all allegations not specifically admitted, referred, denied, qualified, or otherwise responded to; deny that Plaintiff is entitled to the relief sought or any relief whatsoever; and respectfully demand judgment dismissing the Complaint against them, and such other and further relief, together with attorneys' fees and costs, as this Court deems appropriate.

Dated: February 28, 2022       LOEB & LOEB LLP
    DAVID GROSSMAN

By: ___*/s/ David Grossman*___
    David Grossman
    Attorneys for Defendants
    JUSTIN BALDONI; WAYFARER
    ENTERTAINMENT; LIONS GATE
    ENTERTAINMENT INC.; and CBS
    FILMS, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

14

ANSWER TO COMPLAINT

# **DEMAND FOR JURY**

Defendants Justin Baldoni ("Baldoni"), Wayfarer Entertainment ("Wayfarer"), Lions Gate Entertainment, Inc. ("Lions Gate"), and CBS Films, Inc. ("CBS Films" and together with Baldoni, Wayfarer, and Lions Gate, "Defendants") hereby demand a jury trial of this action.

Dated: February 28, 2022

LOEB & LOEB LLP
DAVID GROSSMAN

By: */s/ David Grossman*
David Grossman
Attorneys for Defendants
JUSTIN BALDONI; WAYFARER ENTERTAINMENT; LIONS GATE ENTERTAINMENT INC.; and CBS FILMS, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

21615772.2
202830-10074

15

ANSWER TO COMPLAINT